UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David Bidwell, *on behalf of himself and all others similarly situated*, | : Civil Action No.: |
| Plaintiff, | |
| v. | : **CLASS ACTION COMPLAINT** |
| Express Scripts, Inc., | |
| Defendant. | |

For this Class Action Complaint, the Plaintiff, David Bidwell, by undersigned counsel, states on behalf of himself and a class of similarly situated persons as follows:

## JURISDICTION

1. This action arises out of Defendant Express Scripts, Inc.'s repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") arising from its practice of placing repeated prerecorded and artificial voice calls to cellular telephone numbers belonging to persons with whom it has no business relationship, and its further practice of continuing to place those calls even after the call recipients advised Defendant that it is calling them in error and asked it to cease the calls.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, David Bidwell ("Plaintiff"), is an adult individual residing in Westfield, Massachusetts, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, Express Scripts, Inc. ("Express Scripts"), is a Delaware business entity with a principal place of business at One Express Way, St. Louis, Missouri 63121, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS APPLICABLE TO PLAINTIFF

5. Plaintiff is not an Express Scripts customer.

6. Nonetheless, within the last four years Express Scripts began calling Plaintiff's cellular telephone, number 413-xxx-9653.

7. The calls were placed from, *inter alia,* telephone numbers 215-302-4880 & 800-282-2881.

8. Express Scripts repeatedly left voice messages containing prerecorded or artificial voices on Plaintiff's cellular telephone.

9. The messages Express Scripts left on Plaintiff's voicemail, contained a robotic-sounding voice stating "Hello, this is Express Scripts, your pharmacy benefits manager, calling for John Ryan [a third party who Plaintiff does not know]. We're calling with some important information about your prescription benefits. Please call us back toll-free at 1-833-764-0786. . ."

10. Plaintiff never provided his cellular telephone number to Express Scripts and never provided his consent to Express Scripts to be contacted on his cellular telephone for the calls at issue

11. On several separate occasions, including on January 14, 2020 and January 17, 2020, Plaintiff either answered one of Express Scripts's calls or called Express Scripts back in an effort to cease the calls. During those calls, Plaintiff advised Express Scripts that he was being called in error and that he is not the individual Express sought to reached, and as such, demanded that all calls to him cease.

12. Despite Plaintiff's requests, the calls persisted.

13. Express Scripts's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anger, anxiety, frustration and annoyance.

## CLASS ACTION ALLEGATIONS

### A. The Class

14. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

15. Plaintiff represents, and is a member of the following class (the "Class"):

> **All persons within the United States, who received one or more prerecorded or artificial voice calls, from or on behalf of Defendant, to said person's cellular telephone, regarding an unrelated person, after instructing the Defendant to stop calling, within the four years prior to the filing of the Complaint.**

16. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

17. Upon information and belief, Defendant placed prerecorded and artificial voice calls to cellular telephone numbers belonging to thousands of non-customers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## C. Common Questions of Law and Fact

19. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant placed prerecorded and artificial voice calls to noncustomers' cellular telephones regarding unrelated individuals;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to place each call;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

20. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places prerecorded and artificial voice calls to noncustomers' cellular telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## D. Typicality

21. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## E. Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F. <u>Proceeding Via Class Action is Superior and Advisable</u>**

23. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

24. Management of this class action is unlikely to present any difficulties and courts have consistently certified classes in TCPA actions.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**</u>
<u>**47 U.S.C. § 227, *ET SEQ.*** </u>

25. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

26. Plaintiff brings this claim on behalf of himself and the Class.

27. Defendant placed multiple calls using a prerecorded message and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Class without their prior express consent and not for any emergency purpose.

28. Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

29. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

30. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

31. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA;

- Defendant used prerecorded messages and/or artificial voices to call noncustomers; and

- Defendant placed calls to Plaintiff and the Classes without prior express consent.

## COUNT II
## WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

32.  Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33.  Plaintiff brings this claim on behalf of himself and the Class.

34.  Defendant placed multiple calls using a prerecorded message and/or an artificial voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent and not for any emergency purposes.

35.  Each of the aforementioned calls by Defendant constitutes a willful violation of the TCPA.

36.  Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

37.  Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

38.  Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used prerecorded messages and/or artificial voices to call noncustomers;

- Defendant willfully placed calls to Plaintiff and the Classes without prior express consent; and

- It is Defendant's practice and history to place prerecorded and artificial voice calls to non-customers without their prior express consent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

C. Declaratory relief as prayed for herein; and

D. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 27, 2020

Respectfully submitted,

By____/s/ Sergei Lemberg_____

Sergei Lemberg, Esq. (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff